## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | CLASS ACTION |
| HORTONWORKS, INC., ROB BEARDEN, PAUL CORMIER, PETER FENTON, MARTIN FINK, KEVIN KLAUSMEYER, JAY ROSSITER, MIKE VOLPI, CLOUDERA, INC., and SURF ACQUISITION CORPORATION, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on October 3, 2018 (the "Proposed Transaction"), pursuant to which Hortonworks, Inc. ("Hortonworks" or the "Company") will be acquired by Cloudera, Inc. ("Parent") and Surf Acquisition Corporation ("Merger Sub," and together with Parent, "Cloudera").

2.      On October 3, 2018, Hortonworks' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger with Cloudera (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, Hortonworks' stockholders will receive 1.305 shares of Parent common stock for each share of Hortonworks they own.

3.     On November 5, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Hortonworks common stock.

9.     Defendant Hortonworks is a Delaware corporation and maintains its principal executive offices at 5470 Great America Parkway, Santa Clara, California 95054.  Hortonworks' common stock is traded on the NasdaqGS under the ticker symbol "HDP."  Hortonworks is a party

to the Merger Agreement.

10.     Defendant Rob Bearden is Chief Executive Officer and a director of the Company.

11.     Defendant Paul Cormier is a director of the Company.

12.     Defendant Peter Fenton is a director of the Company.

13.     Defendant Martin Fink is a director of the Company.

14.     Defendant Kevin Klausmeyer is a director of the Company.

15.     Defendant Jay Rossiter is a director of the Company.

16.     Defendant Mike Volpi is a director of the Company.

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

19.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Hortonworks (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.     This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable.  As of September 30, 2018, there were approximately 83,030,801 shares of Hortonworks common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

27.     Hortonworks is a leading provider of enterprise-grade, global data management platforms, services, and solutions that deliver actionable intelligence from any type of data for over half of the Fortune 100.

28.     Along with its partners, Hortonworks provides technology, expertise, and support to allow enterprise customers to adopt a modern data architecture.

29.     On October 3, 2018, Hortonworks' Board caused the Company to enter into the Merger Agreement.

30.     Pursuant to the terms of the Merger Agreement, Hortonworks' stockholders will receive 1.305 shares of Parent common stock for each share of Hortonworks they own.

31.     According to the press release announcing the Proposed Transaction:

Cloudera, Inc. (NYSE:CLDR) and Hortonworks, Inc. (Nasdaq:HDP) jointly announced today that they have entered into a definitive agreement under which the companies will combine in an all-stock merger of equals. The transaction, which has been unanimously approved by the Boards of Directors of both companies, will create the world's leading next generation data platform provider, spanning multi-cloud, on-premises and the Edge. The combination establishes the industry standard for hybrid cloud data management, accelerating customer adoption, community development and partner engagement. . . .

Under the terms of the transaction agreement, Cloudera stockholders will own approximately 60% of the equity of the combined company and Hortonworks stockholders will own approximately 40%. Hortonworks stockholders will receive 1.305 common shares of Cloudera for each share of Hortonworks stock owned, which is based on the 10-day average exchange ratio of the two companies' prices through October 1, 2018. The companies have a combined fully-diluted equity value of $5.2 billion based on closing prices on October 2, 2018. . . .

Management and Board of Directors
Following completion of the transaction, Cloudera's Chief Executive Officer, Tom Reilly, will serve as Chief Executive Officer; Hortonworks' Chief Operating Officer, Scott Davidson, will serve as Chief Operating Officer; Hortonworks' Chief Product Officer, Arun C. Murthy, will serve as Chief Product Officer; and Cloudera's Chief Financial Officer, Jim Frankola, will serve as Chief Financial Officer, of the combined company. Hortonworks' Chief Executive Officer, Rob Bearden, will join the board of directors. Current Cloudera board member, Marty Cole, will become Chairman of the board of directors.

The board of directors of the newly-formed company will initially comprise nine directors. Four directors, including Mr. Bearden, will come from Hortonworks' existing board of directors. Five directors, including Mr. Reilly, will come from Cloudera's existing board of directors. A tenth director will be selected by the combined board.

A majority of the board of directors will be independent under New York Stock Exchange standards.

Approvals and Time to Close
The transaction is subject to Cloudera and Hortonworks stockholder approval, U.S. antitrust clearance and other customary closing conditions. Directors and executive officers of Cloudera and Hortonworks, as well as affiliated entities, have each agreed to vote shares held by them in favor of the transaction. The companies expect to complete the transaction during the first quarter of calendar year 2019.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

32.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

34.     The Registration Statement omits material information regarding the Company's, Cloudera's, and the combined company's financial projections, as well as the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Qatalyst Partners LP ("Qatalyst").

35.     With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate non-GAAP operating income/loss; (ii) all line items used to calculate unlevered free cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

36.     With respect to Cloudera's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate non-GAAP EBITDA; (ii) all line items used to calculate unlevered free cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

37.      With respect to the combined company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate non-GAAP operating income/loss; (ii) all line items used to calculate unlevered free cash flow; and (iii) a reconciliation of all non-

GAAP to GAAP metrics.

38.     With respect to Qatalyst's DCF Analysis—Hortonworks Standalone, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the range of discount rates of 10.5% to 14%; (ii) the terminal value of Hortonworks; (iii) Qatalyst's basis for applying a range of multiples of enterprise value to next-twelve-months estimated unlevered free cash flow ("Terminal NTM uFCF Multiples") of 20x to 30x; (iv) the estimated net cash balance of Hortonworks; (v) Hortonworks' net operating losses ("NOLs"); and (vi) the number of fully-diluted shares of common stock of Hortonworks.

39.     With respect to Qatalyst's DCF Analysis—NewCo, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the range of discount rates of 11.5% to 13%; (ii) the terminal value of NewCo; (iii) Qatalyst's basis for applying Terminal NTM uFCF Multiples of 20x to 30x; (iv) the estimated net cash balance of NewCo; (v) NewCo's NOLs; and (vi) the number of fully-diluted shares of common stock of NewCo.

40.     With respect to Qatalyst's Future Trading Analysis – Hortonworks Standalone, the Registration Statement fails to disclose: (i) Qatalyst's basis for applying a range of multiples of fully-diluted equity value to estimated next-calendar-year levered free cash flow of 20x to 30x; (ii) the number of NewCo fully diluted shares; and (iii) the inputs and assumptions underlying the discount rate of 12.5%.

41.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Hortonworks' Reasons for the Merger; (iii) Recommendation of the Hortonworks Board; (iv) Certain Financial Projections Utilized in Connection with the Merger; and (v) Opinion of Hortonworks' Financial Advisor.

42.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Hortonworks

43.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Hortonworks is liable as the issuer of these statements.

45.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

46.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

47.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

48.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Cloudera

51.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52.     The Individual Defendants and Cloudera acted as controlling persons of Hortonworks within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Hortonworks and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.     Each of the Individual Defendants and Cloudera was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were

thus directly involved in the making of the Registration Statement.

55.     Cloudera also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

56.     By virtue of the foregoing, the Individual Defendants and Cloudera violated Section 20(a) of the 1934 Act.

57.     As set forth above, the Individual Defendants and Cloudera had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  November 20, 2018

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
      Brian D. Long (#4347)
      Gina M. Serra (#5387)
      300 Delaware Avenue, Suite 1220
      Wilmington, DE 19801
      Telephone: (302) 295-5310
      Facsimile: (302) 654-7530
      Email: bdl@rl-legal.com
      Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*